**COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
Northern District of Illinois
Western Division
NO. _____

| | | |
|---|---|---|
| Mark Kunz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| Liebovich Bros., Inc.; Liebovich Bros., Inc. | ) | |
| Plan; Reliance Steel and Aluminum Co.; | ) | |
| Northern Illinois Health Plan; | ) | |
| Defendants. | ) | |

**COMPLAINT FOR ERISA VIOLATIONS**

INTRODUCTION

1.      This action is brought on behalf of plaintiff, Mark Kunz, pursuant to section 502(a)(1)(B)

of the Employee Retirement Income Security Act of 1974,("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Plaintiff seeks to recover medical benefits pursuant to the terms of a medical benefits plan entitled

"Liebovich Bros., Inc. Plan" (the "Plan") and under 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these

remedies, plus prejudgment interest, postjudgment interest, plaintiffs' costs, and attorney fees, pursuant to

29 U.S.C. § 1132(a) and (g).

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over plaintiff's claims pursuant to ERISA §

502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331. Venue lies in the Northern District of

Illinois pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the defendant employee benefit

plan is administered in part in this District and the breaches alleged occurred in this District. Venue is also

proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's

claims occurred within this District.

## THE PARTIES

3.    Plaintiff Mark Kunz is a former employee of Liebovich Bros., Inc. who is an eligible plan participant of the Plan, as defined by ERISA §3(7), 29 U.S.C. § 1002(7), at all times material to this action.

4.    At all relevant times, the Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). The Plan is administered in Rockford, Illinois. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure to assure that complete relief can be granted.

5.    At all relevant times, Liebovich Bros., Inc., a wholly owned subsidiary of Reliance Steel and Aluminum Co. since 1999, is the Plan Sponsor of the Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(B). Under the terms of the Plan, Liebovich Bros., Inc. is also the Plan Administrator, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A), and the named fiduciary, described in the Plan as having the sole authority to amend, modify, and exercise discretion with respect to the Plan.

6.    Defendant Reliance Steel and Aluminum Co. is the parent corporation of Liebovich Bros., Inc. doing business in Illinois with its headquarters in Los Angeles, California.

7.    At all relevant times, Northern Illinois Health Plan was the Claims Administrator of the Plan, described in the Plan as having the authority to apply the terms of the Plan in order to make an initial determination of eligibility for benefits and to administer the Plan in accordance with its terms.

## FACTUAL ALLEGATIONS

8.    Liebovich Bros., Inc. established the Plan on January 1, 2006.

9.    The plaintiff worked at Liebovich Bros., Inc. for approximately 11 years as a fabricator

2

welder.

10.     On June 6, 2008, after suffering several years of knee pain, the plaintiff underwent a right total knee arthroplasty at Rockford Memorial Hospital.

11.     At that time, the plaintiff was a participant of the Plan and instructed the hospital to submit his claims through the Plan.

12.     On July 8, 2008, the plaintiff retained a workers' compensation attorney.

13.     On July 14, 2008, the plaintiff filed an Application for Adjustment of Claim, pursuant to the Illinois Workers' Compensation Act, 820 ILCS 305 *et. seq.*, alleging repetitive trauma injuries to his knees.

14.     On or around July 1, 2008, plaintiff's medical provider at Rockford Memorial Hospital submitted to the Plan requests for payment of plaintiff's medical expenses under the Plan, totaling $45,306.06. The Plan initially approved the claims and the payment was processed on July 10, 2008.

15.     However, on the date the payment was processed, prior to the filing of the workers' compensation claim, the claims were reversed.

16.     The Claims Administrator alleges that claims are work related and the "payment to the hospital was recalled only after Mr. Kunz stated that these claims were work related."

17.     Yet, a note found in Rockford Memorial Hospital's computer system related to plaintiff's claims indicates that, on August 6, 2008, a supervisor in Liebovich Bros., Inc.'s human resource department talked to the hospital and gave information related to the workers' compensation insurance carrier. The supervisor that plaintiff had never reported any injury to the company but she was aware that he had contacted a workers' compensation attorney.

18.     On October 21, 2013, the Illinois Workers' Compensation Commission (hereinafter "Commission") issued an arbitration decision on the plaintiff's workers' compensation claim. The arbitrator found that timely notice of the injury had not been given to Liebovich Bros., Inc.

19.     On June 19, 2015, the Commission affirmed and adopted the arbitrator's opinion.

20.     Plaintiff did not file further appeal outside of the Commission.

21.     It was Liebovich Bros., Inc.'s position during litigation of the workers' compensation case that it had not received timely notice of the plaintiff's injury.

22.     Specifically, Liebovich Bros., Inc., called its Director of Human Resources, Cynthia Garner, to testify at trial on its behalf. Ms. Garner testified that when an employee reports that he or she is injured while working, an accident report is filled out, and the report is forwarded to the workers' compensation carrier. Ms. Garner testified that she never received notice from the Petitioner that he sustained an injury while working.

23.     Under Illinois workers' compensation law, notice of an injury is timely if given within 45 days of the injury.  820 ILCS 305/6(c). The injury date, which in a repetitive trauma case is the date a worker becomes aware that the injuries could be related to work, that Mr. Kunz alleged when filing was June 7, 2008.

24.     Based on Liebovich Bros., Inc.'s representations at trial, it did not have notice of the injury at any point during the time frame of June 7, 2008 to July 22, 2008.

25.     The plaintiff's claims were reversed on July 10, 2008, before the plaintiff had filed a claim with the Commission, at a time when Liebovich Bros., had no notice of the injury.

26.     The plaintiff's claims were improperly reversed solely because he had retained a workers' compensation attorney, not because he had filed a claim with the Commission or represented to any of defendants that he had suffered a work related injury.

27.     The filing of a workers' compensation claim and/or retention of a workers' compensation attorney does not establish that the plaintiff was entitled to workers' compensation benefits.

28.     The plaintiff's filing of a workers' compensation claim was not an admission that his knee injuries arose out of his employment.

4

29.     The relevant plan exclusion, Article VII- Section IV, #30 excludes: "Treatment, supplies and/or services related to Injury or Illness *arising out* of any occupation for wage or profit or for which the Covered Person would be *entitled* to benefits under any state or federal workers' compensation law or occupational disease legislation or policy, whether or not such policy is actually in force." (emphasis added).

30.     The Plan language is ambiguous in that it fails to define at which point an injury would be considered to arise out of an occupation or that a participant would be considered entitled to benefits under workers' compensation law.

31.     It is futile and a meaningless formality for the plaintiff to exhaust the administrative remedies under ERISA where the plaintiff's employer is the plan administrator, the employer has taken the position that the plaintiff must have the claims billed to the workers' compensation carrier, and the plaintiff does not yet know the outcome of his workers' compensation case.

32.     Furthermore, it is futile and a meaningless formality for the plaintiff to exhaust administrative remedies under ERISA where the plan language is ambiguous, the plan administrator has a conflict of interest in that it administers the plan and pays benefits out of its own pocket, and in context of those underlying facts has taken conflicting positions in different forums to advance its own interests.

33.     The Plan does not contain a choice of law provision; therefore the relevant statute of limitation on the plaintiff's complaint, set forth below, is properly determined by Illinois' 10-year statute of limitations for breach of a written contract.

34.     Plaintiff has filed his complaint within the 10 year statute of limitations whether the Court considers the cause of action to have arisen at the time the claim was denied in 2008 or finds that the doctrine of equitable estoppel would support a later date, given defendant's conflict of interests, as outlined above.

35.     The relevant standard of review of the Plan is *de novo* as the Plan's discretionary clause is

invalid pursuant to 50 Ill. Admin. Code §2001.3. See <u>Fontaine v. Metro Life Ins. Co.</u>, 2015 U.S. App.

LEXIS 15818 (7th Cir. Ill. Sept. 4, 2015). Exhibit A.

COMPLAINT

36.     Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

37.     The Plan's decision denying medical benefits for the expenses described in Paragraph 13, above, is erroneous, arbitrary, capricious, and an abuse of discretion.

38.     29 U.S.C. § 1132(a)(1)(B) authorizes plaintiff to recover benefits due under the terms of the Plan, to enforce plaintiff's rights under the terms of the Plan, and/or to clarify plaintiff's right to future benefits under the terms of the Plan.

39.     By denying plaintiff payment of the medical benefits, the Plan has violated and continues to violate ERISA, 29 U.S.C. § 1132(a)(1)(B).

40.     As a result of the denial of the medical benefits due and owed plaintiff under the terms of the Plan, plaintiff has incurred medical expenses in the amount of $45, 306.06.

41.     As a result of the denial of plaintiff's medical benefits under the Plan, plaintiff has incurred attorneys fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, plaintiff prays that plaintiff have and recover judgment in plaintiff's favor and against defendant(s) as follows:

1) For medical benefits in the amount of $45,306.06, pursuant to 29 U.S.C. § 1132(a)(1)(B);

2) For predjudgment and postjudgment interest;

3) For an award of attorney fees and costs under 29 U.S.C. § 1132(g)(1) and the facts and circumstances of this case; and

6

4)  For such other relief as this court deems just and proper.

Dated this **27th** day of October, 2015.

**MARK KUNZ**

By: _Stephanie R Seibold_
STEPHANIE R. SEIBOLD

PREPARED BY:
STEPHANIE R. SEIBOLD (#6311373)
Attorney for Plaintiff
308 West State Street, Suite 300
Rockford, IL 61101
(815)967-9000
(815)986-2762 - fax